UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Ashley Williams,
    Plaintiff(s)

Case No: 8:26-cv-954

v.

Bloomin' Brands, Inc.,
    Defendant(s)

## COMPLAINT AND JURY TRIAL DEMAND

Plaintiff, Ashley Williams, sues Defendant, Bloomin' Brands, Inc., a Delaware corporation, as follows:

### PRELIMINARY STATEMENT

1.    Plaintiff was an employee of Defendant Bloomin' Brands, Inc. She worked as a bartender at an Outback Steakhouse operated by Defendant in Sebring, Florida from July 19, 2021 through March 7, 2025.

2.    Plaintiff became temporarily disabled following a knee injury (unrelated to work) on December 12, 2024.

1

3.      As further detailed in this Complaint, Defendant violated Plaintiff's rights under the Americans with Disabilities Act (ADA), the Florida Civil Rights Act (FCRA), and the Family Medical Leave Act (FMLA), by, without limitation:

    a.  failing to provide her with a reasonable accommodation for her disability that would have enabled her to perform the essential functions of her job, as required by the ADA and FCRA;

    b.  failing to engage in an interactive process with her to ascertain the availability of a reasonable accommodation, as required by the ADA and FCRA;

    c.  terminating her employment because of her disability in violation of the ADA and FCRA;

    d.  failing to advise her of her rights under the FMLA; and

    e.  terminating her employment in violation of the FMLA.

4.      This Complaint asserts Plaintiff's federal law claims, only. Plaintiff's state law claims under the FCRA are not yet ripe. Plaintiff

2

intends to amend this Complaint to add her FCRA claims upon expiration of the 180-day period described in Fla. Stat. § 760.11(8).

## PARTIES, JURISDICTION, AND VENUE

5.      Plaintiff, Ashley Williams, is an individual resident of Highlands County, Florida.

6.      Defendant, Bloomin' Brands, Inc. is a Delaware corporation with its principal place of business in Tampa, Florida.

7.      Defendant is the operator of the Outback Steakhouse restaurant in Sebring, Florida.

8.      This Court has subject matter jurisdiction over this case because it raises questions of federal law (28 U.S.C. § 1331).

9.      This Court is the appropriate venue for this proceeding because Defendant's principal place of business and corporate headquarters is in Hillsborough County, Florida (28 U.S.C. § 1391(b)(1)).

## GENERAL ALLEGATIONS

10.    Defendant owns and operates the Outback Steakhouse restaurant in Sebring, Florida.

3

11.    Outback Steakhouse is a nationally-known brand of steak restaurants with an Australian theme.

12.    Plaintiff had previously worked on and off for Defendant at the Sebring Outback.

13.    Plaintiff's most recent employment with Defendant at the Sebring Outback was as a bartender beginning on or about July 19, 2021.

14.    On or about December, 12, 2024, unrelated to work, Plaintiff suffered a severe knee injury as a result of a bicycle accident.

15.    Although she did not break any bones, Plaintiff did suffer soft tissue injuries, including severe sprains and tears. These included tears in her anterior cruciate ligament (ACL). Her treatment for these injuries is ongoing.

16.    Immediately following her injury, between December 14, 2024 and January 4, 2025, Plaintiff made contact numerous times with Defendant through her store manager, Paige Merva. She advised Ms. Merva of her injury and condition.

17.    Plaintiff offered to provide medical paperwork and inquired about reasonable accommodations that would enable her to return to work despite her disabling condition.

18.    Through Ms. Merva, Defendant refused to consider Plaintiff's return to work and refused to engage in a discussion of reasonable accommodations.

19.    On January 4, 2025, Plaintiff visited the store in person to speak with Ms. Merva. Ms. Merva told Plaintiff that Plaintiff categorically could not be scheduled to work while she was still on crutches.

20.    After the January 4, 2025 encounter with Ms. Merva, Plaintiff stayed in contact with her.

21.    During her various text messages, calls, and visit, Plaintiff sought to engage in a conversation about potential accommodations that would enable her to return to work, such as adjusting her assignment to include making drinks, taking payments, putting in food orders, and rolling silverware, which she could do on crutches. Plaintiff was also willing to consider other options Defendant might suggest, had Defendant suggested any.

5

22.    Despite Plaintiff's inquiries, at no time did Defendant engage in any sort of discussion or consideration of Plaintiff's proposed accommodations, or any other potential accommodations.

23.    Despite Plaintiff's inquiries, at no time did Defendant provide Plaintiff with any information about the FMLA or her rights thereunder.

24.    Despite Plaintiff's inquiries, Defendant made no request or effort to inquire about Plaintiff's physical capabilities or what she was medically cleared to do.

25.    Instead, Defendant saw that Plaintiff was still using crutches and, without further inquiry, decided she could not work because of her disability.

26.    On information and belief, Plaintiff's employment was formally terminated by Defendant on or about March 7, 2025 without any contemporaneous or prior notice to her.

27.    As a result of Defendant's actions, Plaintiff has directly suffered damages. Her damages include but are not necessarily limited to loss of compensation and emotional distress.

28.    The Defendant acted with malice and with reckless indifference to the Plaintiff's state and federally protected rights.

29.    Plaintiff has retained the undersigned law firm and agreed to pay it a reasonable fee for its services.

ALLEGATIONS COMMON TO ADA CLAIMS

30.    Plaintiff is a member of a protected class. She is a person with a disability.

31.    She became temporarily disabled within the meaning of the ADA and the FCRA upon receiving her knee injury and remained disabled during her entire period of employment.

32.    Plaintiff's disability substantially limited all activities of daily living that made use of her lower limbs, including standing, walking, running, jumping, squatting, climbing stairs or ladders, and lifting. She was also required to use crutches during some of her period of disability.

33.    Plaintiff's disability substantially limited activities of daily living from the date of her injury through and including her date of termination of employment.

7

34.    Except for a brief period immediately following the injury, Plaintiff was able to perform the essential functions of her job with a reasonable accommodation.

35.    Plaintiff was a "qualified individual" within the meaning of the ADA.

36.    Plaintiff's disability continues to substantially limit some activities of daily living even today, although she eventually recovered to the point that she could perform the essential functions of her job without an accommodation.

37.    Plaintiff was, at all relative times, disabled within the meaning of the ADA.

38.    Alternatively, even if Plaintiff was not "disabled" within the meaning of the ADA, she was "regarded as" disabled by the Defendant within the meaning of 42 U.S.C. § 12102(1)(A)(3) and §12102(3) due to Defendant's perception that she was disabled because she used crutches.

39.    Defendant had more than 15 employees at all relevant times.

40.    Defendant is covered employer under the ADA and the FCRA.

41.    Plaintiff filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission (EEOC) within 300 days of the events described in this Complaint. It was assigned Charge No. 510-2025-08289.

42.    The charge of discrimination is deemed dual-filed with the Florida Commission on Human Relations (FCHR) pursuant to a work-sharing agreement between the EEOC and the FCHR.

43.    The EEOC issued a Determination and Notice of Rights (i.e., a "right to sue" notice). A copy of the Notice is attached as Exhibit 1.

44.    This Complaint was filed within 90 days of Plaintiff's receipt of the EEOC's Determination and Notice of Rights.

### COUNT 1 – DISABILITY DISCRIMINATION
### (ADA)

45.    This is a cause of action for discrimination in violation of the employment discrimination provision of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112(a).

46.    Plaintiff restates the allegations of paragraphs 1 through 44, above.

47.     Defendant terminated Plaintiff's employment because of her disability.

48.     Alternatively, Defendant terminated Plaintiff's employment because Defendant regarded her as being disabled.

49.     Therefore, the termination of Plaintiff's employment violated the discrimination provision of the ADA, 42 U.S.C. § 12112(a), which prohibits discrimination against persons with disabilities in the "discharge of employees."

COUNT 2 – DENIAL OF REASONABLE
ACCOMMODATION (ADA)

50.     This is a cause of action for denial of a reasonable accommodation under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112(a) and (b)(5)(A).

51.     Plaintiff restates the allegations of paragraphs 1 through 44, above.

52.     Plaintiff requested an accommodation for her disability.

53.   Defendant failed to engage in an interactive process to determine if a reasonable accommodation was available that would have enabled Plaintiff to perform the essential functions of her job.

54.   A reasonable accommodation was available that would have enabled Plaintiff to perform the essential functions of her job despite her disability.

55.   Defendant's failure to engage in an interactive process and failure to grant an accommodation violated the discrimination provision of the ADA, 42 U.S.C. § 12112(a), as further described in § 12112(b)(5)(A), which requires employers to make reasonable accommodations for the known physical or mental limitations of a qualified employee.

COUNT 3 – INTERFERENCE (ADA)

56.   This is a cause of action for interference, coercion, and intimidation in violation of the prohibition thereof contained in the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12203(a).

57.   Plaintiff restates the allegations of paragraphs 1 through 44, above.

11

58.     Plaintiff requested a reasonable accommodation for her disability.

59.     Defendant fired Plaintiff, which was intended to and had the effect of interfering with her efforts to exercise and enjoy her right to request a reasonable accommodation under the ADA.

60.     Defendant's termination of Plaintiff was also intended to and had the effect of coercing, threatening, and intimidating other employees who might wish to exercise their rights under the ADA.

61.     Defendant's termination of Plaintiff violated 42 U.S.C. § 12203(b), which prohibits coercion, intimidation, threats, and interference against an individual in the exercise or enjoyment of her rights under the ADA.

ALLEGATIONS COMMON TO FMLA COUNTS

62.     Plaintiff's knee injury and its associated treatment were serious health conditions within the meaning of the FMLA.

12

63.     At all times between December 12, 2024 and her termination of employment, Plaintiff had been employed by Defendant for at least 12 months.

64.     At all times between December 12, 2024 and her termination of employment, Plaintiff worked for Defendant at least 1,250 hours during the immediately preceding 12 months.

65.     At all times between December 12, 2024 and the termination of Plaintiff's employment, Defendant employed at least 50 or more people within a 75-mile radius of the Sebring Outback where Plaintiff worked.

66.     Defendant was a covered employer under the FMLA at all times between December 12, 2024 and the termination of Plaintiff's employment.

## COUNT 4 – INTERFERENCE BY FAILURE TO NOTIFY (FMLA)

67.     This is a cause of action for interference in violation of the FMLA's anti-interference provision, 29 U.S.C. § 2615(a)(1), for Defendant's failure to notify Plaintiff of her rights under the FMLA

68.    Plaintiff restates the allegations of paragraphs 1 through 29 and 61 through 65, above.

69.    Upon learning of Plaintiff's serious injury, Defendant had a duty under the FMLA to provide an "eligibility notice" to Plaintiff within five business days to notify Plaintiff of her rights under the FMLA and her potential eligibility for FMLA leave.

70.    Defendant did not provide an FMLA eligibility notice to Plaintiff.

71.    Defendant also had a duty under the FMLA to provide Plaintiff with a "designation notice" designating her leave as FMLA-qualifying leave (or not).

72.    Defendant did not provide a designation notice to Plaintiff.

73.    The Defendant's failure to provide the required notices prevented the Plaintiff from even attempting to exercise her rights under the FMLA.

74.    Had Defendant timely notified Plaintiff of her rights under the FMLA, Plaintiff could have made use of her FMLA rights and would have

returned to work within 12 weeks of the beginning of her FMLA-protected leave.

75.    Defendant's failure to provide the required notices was unlawful pursuant to 29 U.S.C. § 2615(a)(1), which makes it unlawful for an employer to interfere with, restrain, or deny the exercise or the attempt to exercise an employee's rights under the FMLA.

### COUNT 5 – INTERFERENCE BY TERMINATION
### (FMLA)

76.    This is a cause of action for interference in violation of the FMLA's anti-interference provision, 29 U.S.C. § 2615(a)(1), for Defendant's termination of Plaintiff's employment.

77.    Plaintiff restates the allegations of paragraphs 1 through 29 and 61 through 65, above.

78.    Under the FMLA, Defendant had a duty to permit Plaintiff to remain an employee during the period of FMLA-protected leave and to reinstate her to an equivalent position.

79.    Defendant terminated Plaintiff's employment during the period of what should have been FMLA-protected leave.

15

80. Defendant's termination of Plaintiff's employment was unlawful pursuant to 29 U.S.C. § 2615(a)(1), which makes it unlawful for an employer to interfere with, restrain, or deny the exercise or the attempt to exercise an employee's rights under the FMLA.

WHEREFORE, Plaintiff demands judgment against Defendant for and an award of:

a. Back pay;

b. Reinstatement or front pay in lieu thereof;

c. Compensatory damages as applicable;

d. Liquidated damages, as applicable;

e. Punitive damages, as applicable;

f. Such other relief as the Court may deem appropriate.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted April 2, 2026.

/s/ J. Kemp Brinson
J. Kemp Brinson
Fla. Bar No. 752541
REED MAWHINNEY & LINK
53 Lake Morton Drive, Suite 100
Lakeland, FL 33801
Office: 863-687-1771
Mobile: 863-288-0234
Service emails:
Kemp@PolkLawyer.com
JKBService@PolkLawyer.com
Counsel for Plaintiff

17